SLOVITER,
concurring in part and dissenting in part.
I agree with the majority that Elizabeth Lake’s state law claims are time-barred under the two-year statute of limitations in effect at the relevant time and that, under Pennsylvania law in effect at that time, the statute of limitations did not toll for either minority or incompetence. I also agree with Judge Roth’s analysis concluding that Elizabeth’s mental retardation does not provide a basis for preserving her claim under Pennsylvania’s tolling statute and that, while it may appear harsh, the state discovery rule does not afford any relief from this conclusion.[1] Therefore, I join the judgment entered by the majority in those respects.
However, it is precisely because I agree with the majority’s application of Pennsylvania’s statute of limitations as barring Elizabeth Lake’s Pennsylvania tort claim *375 that I respectfully disagree with the majority’s decision not to apply the then-applicable Pennsylvania tolling rules to bar Lake’s federal claim filed under 42 U.S.C. §§ 1983 and 1985(3). I believe that the Supreme Court’s decisions in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), dictate otherwise.
In Wilson, the Court undertook to resolve the varying interpretations by the federal courts of appeals regarding the appropriate state statute of limitations to be applied to civil rights actions, a conflict created because the Civil Rights Act does not include a specific statute of limitations governing actions brought under §§ 1983 and 1985. The Court noted that because no suitable federal rule exists, § 1988 instructs that federal courts should select “the most appropriate” or “the most analogous” state statute of limitations to apply to the § 1983 claim as long as it is not inconsistent with the Constitution and laws of the United States. However, because of the numerous and diverse topics and subtopics encompassed within the constitutional claims alleged under § 1983, “[a]l-most every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations.” Wilson, 471 U.S. at 272-73, 105 S.Ct. 1938. The Court opined that Congress would not have sanctioned an interpretation of the statute that would lead to applying different statutes of limitations to the various § 1983 claims arising in the same state. After considering the issue, the Court adopted the “characterization of all § 1983 actions as involving claims for personal injuries.” Id. at 279, 105 S.Ct. 1938.
The Court selected one statute of limitations to be applied for this purpose in order to minimize, if not eliminate, “the conflict, confusion, and uncertainty concerning the appropriate statute of limitations to apply to this most important, and ubiquitous, civil rights statute.” Id. at 266, 105 S.Ct. 1938. Thereafter, in Hardin, the Court held that a federal court applying a state statute of limitations should give effect as well to the state’s provision for tolling that statute of limitations. 490 U.S. at 539, 109 S.Ct. 1998. The Court repeated its earlier statement in Wilson, 471 U.S. at 269 n. 17, 105 S.Ct. 1938, that “[i]n virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application.” (quoting Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (emphasis added)).
I am concerned that the holding of the majority would detract from the very certainty the Court sought in Wilson. Thus, under Wilson and Hardin, to determine the statute of limitations, one need only examine the applicable state’s personal injuries statute of limitations and determine whether that state would permit tolling under those circumstances. Under the majority’s rule, even though the state would not have permitted tolling under its statute of limitations, tolling may be permitted in a § 1983 suit if, in the court’s view, tolling would comport with the underlying purposes of the civil rights statute. Not only is this inconsistent with the important goals of uniformity and certainty in application of the statute of limitations established by the Supreme Court but it is also inconsistent with the Court’s reliance on the state to determine whether and when tolling should be permitted. See Johnson, 421 U.S. at 464, 95 S.Ct. 1716 (“In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State’s wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.”).
In Wilson, the Court reasoned that tort actions constitute a major part of the volume of civil litigation in the state courts, and concluded that: “It is most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent *376 with federal law in any respect.” 471 U .S. at 279, 105 S.Ct. 1938. Accordingly, application of the state’s personal injuries statute of limitations “minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983.” Id. Pennsylvania ultimately did allow tolling for mental disability; however, the majority would allow tolling a federal civil rights action whenever the federal court, not the state, determines that tolling should be applied.
The effect of the majority’s holding is to open the possibility of damage actions under the Civil Rights Act against individuals more than 23 years after the event at issue. This is again inconsistent with the Wilsmi Court’s expressed concern with allowing a federal cause of action to be “brought at any distance of time,” noting that “[j]ust determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost.” Id. at 271, 105 S.Ct. 1938 (quotation omitted).
Although I appreciate the empathy for Lake that underlies this portion of the majority’s decision, for the reasons set forth I feel compelled to dissent.

. I also agree with the majority’s affirmance of the dismissal of Justin Lake’s loss of consortium claim and the District Court’s decision to deny the Lakes’ request to amend their complaint.